**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHRISTOPHER MINOR,** *et al.*,

      **Plaintiffs,**

                                   **Case No. 2:16-cv-1002**
                                   **Chief Judge Edmund A. Sargus, Jr.**
      **v.**                             **Magistrate Judge Elizabeth P. Deavers**

**TWIN RIVERS CONSTRUCTION INC.,**

      **Defendant.**

## ORDER

This matter is before the Court for consideration of Plaintiffs' Counsel's Unopposed

Motion for an Award of Attorneys' Fees and Reimbursement of Costs.  (ECF No. 40.)  For the

reasons that follow, Plaintiffs' Counsel's Unopposed Motion is **GRANTED**.

This class and collective action is brought pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C.

Chapter 4111.  (Compl., ECF No. 1.)  Plaintiffs, who are laborers and laborer foremen, allege

that they were not paid for the time it took them to drive from the shop to their assigned jobsites.

(*Id*.)  On August 14, 2017, upon the parties' consent and pursuant to 28 U.S.C. § 636, the

assigned District Judge referred to the Undersigned this matter for the purpose of deciding any

and all motions and/or hearings related to settlement proceedings.  (ECF No. 30.)

On September 19, 2017, the Court preliminarily approved the parties' settlement,

conditionally certified a settlement class, directed that notice be provided to the class members,

and scheduled a fairness hearing.  (ECF No. 33.)  A fairness hearing proceeded as scheduled on

November 6, 2017.  (ECF Nos. 34, 37.)  No objections to the proposed settlement were filed and

no members of the class appeared at the hearing.

Following the fairness hearing, Plaintiffs' Counsel submitted a proposed Final Order and

Judgment Approving Class and Collective Action Settlement, which the Court has approved.  In

accordance with the Court's directive, Plaintiffs' Counsel also filed their Unopposed Motion for

an Award of Attorneys' Fees and Reimbursement of Costs, which was supported by detailed

billing records.  (ECF Nos. 38, 39, 40.)  "An award of attorneys' fees and costs must be

reasonable, meaning an award adequate to attract competent counsel but one that does not

produce a windfall to attorneys."  *Kritzer v. Safelite Sol., LLC*, No. 2:10-cv-072, 2012 WL

1945144, at *9 (S.D. Ohio May 30, 2012) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.

2008)).  1994).  "The determination of a reasonable fee must be reached through an

evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of

the congressional policy underlying the substantive portions of the statute providing for the

award of fees."  *United Slate, Tile & Composition Roofer, Damp and Waterproof Workers Ass'n,*

*Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984); *see also*

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (identifying factors for

the trial court's consideration when determining a reasonable fee).  In evaluating whether the

amount of the award is reasonable, this Court has considered the following factors:

> (1) the value of the benefit rendered for the class, (2) society's stake in rewarding
> attorneys who produce such benefits, (3) whether the services were undertaken on
> a contingent fee basis, (4) the value of the services on an hourly basis, (5) the
> complexity of the litigation, and (6) the professional skill and standing of the
> attorneys involved.

*Feiertag v. DDP Holdings, LLC*, No. 14–CV–2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9,

2016) (citation and internal quotation marks omitted).  In this circuit, district courts apply a

"lodestar" calculation based on the "prevailing market rate in the relevant community" when considering the reasonableness of the fee award. *Smith v. Serv. Master Corp.*, 592 F. App'x 353, 369 (6th Cir. 2014) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). The calculation considers "the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate." *Smith*, 592 F. App'x at 369.

In this case, the Settlement Agreement provides for an attorneys' fee award of $30,000.00. The Court has reviewed Plaintiffs' Counsel's Unopposed Motion as well as the supporting documentation and is satisfied that the requested fee award in this case is fair and reasonable in light of, *inter alia*, the value of the services rendering considering the hourly rates and hours reasonably and efficiently expended; the fact that Plaintiffs' Counsel, who are experienced in this type of class and collective action, undertook this matter on a contingent basis; and the complexity of the litigation presented. Accordingly, as to the request for attorneys' fees, Plaintiffs' Unopposed Motion (ECF No. 40) is **GRANTED** and Plaintiffs' Counsel is **AWARDED $30,000.00** in attorneys' fees**.**

Plaintiffs' Counsel also seeks reimbursement of expenses in the amount of $1,000.00, which represents out-of-pocket expenses incurred by class counsel. After reviewing the Unopposed Motion as well as the supporting evidence (ECF No. 40-2 at PAGEID # 593), the Court is satisfied that the requested amount is fair and reasonable. As it relates to the request for reimbursement of expenses, Plaintiffs' Counsel's Unopposed Motion (ECF No. 40) is therefore **GRANTED**. Plaintiffs' Counsel is **AWARDED $1,000.00** in expenses.

 **IT IS SO ORDERED.**

Date: November 20, 2017 /s/ *Elizabeth A. Preston Deavers*
 ELIZABETH A. PRESTON DEAVERS
 UNITED STATES MAGISTRATE JUDGE